IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GEORGE RANDALL LYLE, §
TDCJ-CID NO.1554800, §
    Plaintiff, §
v. § CIVIL ACTION NO. H-08-748
SHERIFF MONROE KRUEGAR,[1] et al., §
    Defendants. §

## MEMORANDUM AND ORDER ON DISMISSAL

While incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), plaintiff George Randall Lyle filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983. For the reasons to follow, the Court will dismiss the complaint.

## I. CLAIMS

A liberal construction of plaintiff's pleadings and a review of public records reflect that plaintiff was arrested on a charge of aggravated sexual assault and detained in the Chambers County Jail on April 27, 2004. He remained in the Jail until January 5th or 10th, 2005, at which time he was convicted of aggravated sexual assault and assessed a ten-year probated sentence. (Docket Entries No.1, No.2, No.33); Chambers County website;[2] TDCJ-CID website.[3] Apparently, plaintiff violated the terms of his probation and he

---

[1] The correct spelling of defendant's name is Kreuzer, by which the Court will address all claims against him in this Order.

[2] http://www.chambersonline.net/districtclerk/detailsCriminal.faces?_rap=pc_ResultsParty.doRow

[3] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=01878949

was arrested and incarcerated in the Chambers County Jail sometime on or before May 4, 2005. (Docket Entry No.33). Plaintiff's pleadings also show that during this time he was temporarily relocated to the Angelina County Jail when the Chambers County Jail was evacuated in preparation for a hurricane in 2005.[4] (Id.). He states that he was held there until repairs at the Chambers County Jail were completed. (Id.).

On March 15, 2006, plaintiff was sentenced to five years confinement on the aggravated sexual assault charge and four years confinement on a conviction of harassing a correctional officer. Chambers County website;[5] TDCJ-CID website. On March 21, 2006, plaintiff was received by TDCJ-CID. Lyle v. Cardona, Civil Action No.P-08-CV-29 (W.D. Tex.) (Defendants Seidel and Talley's Motion for Summary Judgment, Exhibit E at 1).

Plaintiff claims that from April 2004, to January 10, 2005, while he was a pretrial detainee in the Chambers County Jail, he was subjected to the following mistreatment:

1. Chambers County Sheriff Monroe Kreuzer knowingly failed to give plaintiff medical treatment and medication, deprived plaintiff of food and water, housed plaintiff without clothing, running water, flushable toilets, or showers, and withheld

---

[4] Public records reflect that some forty Chambers County inmates were transferred to the Angelina County Jail around September 21, 2005, in anticipation of Hurricane Rita. See Houston Chronicle website at http://blogs.chron.com/riga/archives/2005/09/chambers_county.html

[5] On March 15, 2006, plaintiff was convicted in a Chambers County District Court of harassment by persons in certain correctional facility in cause number 13591. http://www.chambersonline.net/districtclerk/_rlvid.jsp.faces?_rap=pc_ResultsParty.doRow

      plaintiff's mail.

2. Until plaintiff entered a plea in January, 2005, Chambers County Sheriff Joe LaRive failed to provide plaintiff with medical treatment and medication, withheld food and water, housed plaintiff in filthy cells without running water and flushable toilets, failed to stop the harassment, abuse, and beatings by jailers, and deprived plaintiff of recreation.

3. Deputy Chad Stewart abused or helped to abuse plaintiff on April 27, 2004, by hog-chaining plaintiff to the floor hole urinal in the drunk tank. Stewart hog-chained plaintiff at Camp 8 to stop plaintiff from having so many seizures.

4. Chambers County Jail Nurse Regina Walker discarded plaintiff's prescription medication, which plaintiff's wife brought to the Jail on or about April 29, 2004. Walker failed to give plaintiff his medications or adequate medical care thereby causing plaintiff to suffer numerous seizures. She also refused to provide care for his broken sternum or fractured ribs. Walker did, however, make an appointment for plaintiff to see a physician at the Bayshore Hospital in Anahuac, Chambers County after plaintiff suffered multiple seizures. The doctor prescribed medication but Walker would not let plaintiff have it; instead, Walker had him placed in the rubber room.

5. Chambers County Lt. Owens was notified by Attorney James F. Keegan on November 17, 2004, about the conditions in the Chambers County Jail and the beatings that plaintiff had suffered. Owens, however, failed to take appropriate action to alleviate the conditions. Instead, Owens took plaintiff to Camp 8 and pushed him down, kneed him in the chest, and threatened him.

(Docket Entries No.1, No.2, No.33).

Plaintiff also claims from sometime around May, 2005, to March 21, 2006, while he was in custody of officials at the Chambers County Jail on his probation violation, he suffered the following

mistreatment:

1. Sheriff LaRive sought to provide plaintiff with medication by calling plaintiff's family in the San Antonio area and requesting that they ship medication to plaintiff or pay for plaintiff's medication because the "administration" would not allow him to pay for more.

2. On May 4, 2005, Officer Vicki Jo Perez harassed and abused her authority by trying to make plaintiff drink water with feces and urine from a peanut butter jar. Perez was assisted by Officers Josh Kailen, Chad Stewart, Shane Arredondo, Brian (John Doe), Mike Meeks and others. Perez threatened to file false assault charges against plaintiff and helped other guards harass, abuse, and assault plaintiff repeatedly. Plaintiff later entered a negotiated plea to charges filed by Chad Stewart on Perez's behalf on June 24, 2005, for harassment by persons in a correctional facility. Plaintiff received a four-year concurrent sentence on a conviction of harassing a correctional officer.

3. Chambers County Chad Stewart filed false charges for Vicki Jo Perez. He also harassed, abused, beat, shackled, and kicked plaintiff. He denied plaintiff medical care, clothing, and bedding. He stole plaintiff's personal items.

4. Angelina County Deputies Bubba Doe, John Doe, and Jane Doe beat plaintiff while he was incarcerated in the Angelina County Jail. They also harassed, abused, kicked, kneed him in the chest, and placed plaintiff in a seven-point restraint. They hosed plaintiff with hot and cold water and forgot about him for eight hours; they also denied plaintiff food and water, medical assistance, and dry clothes. Plaintiff concedes that a nurse-practitioner at the Angelina County Jail examined his fractured bones but provided no treatment.

(Id.).

Plaintiff further claims that the entire time he was in custody of officials in the Chambers County Jail, Officers Shane

Arredondo, Brian (John Doe), and Chad Stewart harassed and abused him by beating him severely causing a break to plaintiff's sternum and a fracture to his ribs. The officers also denied medical treatment, withheld food, water, clothing, bedding, mail, and medication. They forced plaintiff to stay in a rubber room for requesting medication. (Id.).

Plaintiff also claims that the Chambers County Jail Administrator failed to provide him with medical care and medication and to keep him in a safe, clean environment. (Id.). Plaintiff concedes that he received medication sporadically. (Id.). Plaintiff states that at some point, he was admitted to the San Jacinto Methodist Hospital where the emergency physician, Dr. Risotti, treated him for malnourishment, dehydration, and for the wounds he suffered from the beatings and seizures. (Id.).

Plaintiff seeks monetary damages and medical treatment for a severely deformed chest, bruises, cuts, sores, weight loss, brain damages, and pain and suffering that he suffered as a result of defendants' acts and omissions. (Docket Entries No.1, No.33).

The Court will dismiss plaintiff's claims for the reasons to follow.

## II. DISCUSSION

Plaintiff's claims are time-barred because they concern events that occurred in 2004 and 2005, more than two years before the pending action was filed in early 2008. In suits brought by

prisoners, such as plaintiff, who have not paid the filing fee in advance, the defense of limitations may be raised by the court. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

In §1983 cases, federal courts apply the forum state's general personal injury limitations, Wallace v. Kato, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions. Hardin v. Straub, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002). The accrual of a cause of action under §1983, however, is determined by reference to federal law. Wallace, 549 U.S. at 388. Under the federal standard, accrual occurs "when the plaintiff has a complete and present cause of action." Id. A plaintiff has "a complete and present cause of action" when "the plaintiff can file suit and obtain relief." Id.

Plaintiff's recollection of the dates that he allegedly suffered at the hands of defendants is spotty.[6] (Docket Entry No.33). Nevertheless, his pleadings show that his claims against defendants accrued more than two years before he filed the pending suit, in part, because plaintiff did not file grievances with Jail officials complaining of defendants' acts and omissions. Generally, the limitations period is tolled while administrative remedies are pursued. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th

---

6 Plaintiff claims to have kept a record of the events underlying this suit in a daily activity report. Plaintiff contends that he gave such report to his daughter for safekeeping but for some reason he has been unable to retrieve such documentation. (Docket Entry No.33).

Cir. 1993). Plaintiff claims the Chambers County Jail does not have a grievance process; he states nothing about the internal grievance procedures in the Angelina County Jail or whether he sought administrative relief while incarcerated there. (Docket Entry No.33). Plaintiff, however, maintains that he formally complained to the sheriffs, Lt. Owens, his attorneys, Judges Wilburn and Silva, and other administrators but all of his complaints were returned or destroyed. (Id.).

Assuming that no official administrative remedies were available, the Court concludes that plaintiff's claims against defendants Sheriffs Kreuzer and LaRive, Jail Administrator Doe, Lt. Owens, Nurse Regina Walker, and Guards Brian (John Doe), Shane Arredondo, and Chad Stewart accrued while plaintiff was a pre-trial detainee in the Chambers County Jail from April 27, 2004 through January 10, 2005. At any time during his detention and two years thereafter, plaintiff could have filed suit against these defendants, just as he filed formal complaints with Judges Wilburn and Silva. Because plaintiff waited until after limitations expired in 2007, to file the pending suit, his claims against the above-named defendants that occurred on or before January 10, 2005, are time-barred.

Plaintiff's allegations that defendants Shane Arredondo, Chad Stewart, and Brian (John Doe) broke his sternum and fractured his ribs during plaintiff's second stint in the Chambers County Jail is

7

also time-barred. Plaintiff reports in another civil rights suit filed in the Western District of Texas that he suffered a broken sternum and fractured ribs in April, 2005, while confined in the Chambers County Jail.[7] Lyle v. Cardona, Civil Action No.P-08-CV-29 (W.D. Tex) (Plaintiff's Original Complaint at 3-4; Defendants Seidel and Talley's Motion for Summary Judgment, Exhibit A at 1057, 1282, Exhibit D). Summary judgment records in such case reflect that plaintiff listed seizures and other disorders as medical conditions on a mandatory medical history screening on March 21, 2006, but did he not mention any type of chest, sternum, or rib pain or injury, and he was not on any pain medication when he entered TDCJ.[8] Id., Exhibit D. Plaintiff first reported to TDCJ-CID medical providers on April 30, 2006, that his bones were broken a year before. Id. The Court takes judicial notice of plaintiff's allegations and the medical records in Civil Action No.P-08-CV-29, and finds that plaintiff's use-of-excessive force claims against Officers Arredondo, Brian (John Doe), Chad Stewart and others

---

[7] A 2006 x-ray report in the medical records filed in such case shows an "old healed fracture on the left chest with no acute findings." Lyle v. Cardona, Civil Action No.P-08-CV-29 (W.D. Tex) (Defendants Seidel and Talley's Motion for Summary Judgment, Exhibit D, page 2). The report notes "[n]o mention of sternum fracture or of a healed sternum fracture was made . . . [and] the healed fracture would have been evident on x-ray." Id.

[8] The medical expert in Civil Action No.P-08-CV-29 opined that "[p]laintiff entered TDCJ with well-healed rib fractures sustained at least one year prior to his TDCJ entry; that these fractures had healed so well that any deformity of the chest wall to which they could possibly give rise was insignificant to practiced examiners; and that x-rays on two occasions in TDCJ establish these rib fractures as well healed and of such insignificant clinical import as to warrant no comment as to possible pathological sequelae from them." Lyle v. Cardona, Civil Action No.P-08-CV-29 (W.D. Tex) (Defendants Seidel and Talley's Motion for Summary Judgment, Exhibit D, page 2).

accrued shortly after he suffered the alleged beating in April, 2005. At that time or within two years thereafter, plaintiff could have filed suit these defendants.

Likewise, plaintiff could have filed suit against Officer Vicki Perez within two years after she allegedly threw a tainted bottle at him on May 4, 2005. He could also have filed a timely suit no later than late February 2008, against Jail Administrator Doe, who allegedly denied him humane conditions of confinement during his second incarceration in the Chambers County Jail, and Angelina County Officers Bubba, John, and Jane Does, who allegedly abused him in 2005 and possibly 2006. (Docket Entries NO.1, No.33). Plaintiff, however, did not file such suit; therefore, his claims against these defendants are also time-barred.

Arguably, limitations had not expired on plaintiff's claims regarding incidents that occurred in March 2006, when he filed the pending suit in 2008. Plaintiff, however, has not alleged a specific incident of abuse or neglect nor indicated that he suffered a specific injury during this time period in any of his pleadings. His broad general complaints of abuse and neglect without factual support are conclusory and therefore, are subject to dismissal as frivolous. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

The district court may dismiss an action *sua sponte* if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S.

319, 325 (1989). Plaintiff fails to state a claim upon which relief may be granted because of the limitations bar and his conclusory allegations are frivolous. <u>Ali v. Higgs</u>, 892 F.2d 438 (5th Cir. 1990); <u>Moody</u>, 857 F.2d at 258. Accordingly, plaintiff's complaint is subject to dismissal.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's civil rights action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief maybe granted.

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on *February 3*, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE